**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**AMY LYNN MASTRONARDI,**

                  **Plaintiff,**

          v.                                3:13-CV-1281
                                                (FJS/DEP)

**VILLAGE OF HANCOCK and**
**GEORGE RONK, in his official and individual**
**capacity,**

                  **Defendants.**

---

**APPEARANCES**                                     **OF COUNSEL**

**LAW OFFICE OF RONALD R. BENJAMIN**        **RONALD R. BENJAMIN, ESQ.**
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
Attorneys for Plaintiff

**DRAKE, LOEB, HELLER, KENNEDY,**        **NICHOLAS A. PASCALE, ESQ.**
**GOGERTY, GABA & RODD, PLLC**
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Attorneys for Defendant Village of Hancock

**GEORGE RONK**
Hancock, New York 13783
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brings this action against Defendant Village of Hancock ("Defendant Village") and

Defendant George Ronk, who was, at all times relevant to this action, a police officer for Defendant

Village. Plaintiff alleges three causes of action against Defendant Ronk pursuant to 42 U.S.C. § 1983 for (1) unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (2) excessive force in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; and (3) violation of her substantive due process rights in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff also asserts one cause of action against Defendant Village for municipal liability for failure to supervise and train its officers pursuant to 42 U.S.C. § 1983. Finally, Plaintiff alleges one state-law cause of action against both Defendants Village and Ronk for negligence and gross negligence. As a result of these allegations, Plaintiff seeks compensatory damages against Defendant Village and compensatory and punitive damages against Defendant Ronk.

## II. BACKGROUND

Plaintiff alleges that Defendant Ronk illegally harassed her and her daughter repeatedly from August 24, 2008, until December 2011. Defendant Ronk's alleged harassment included unreasonable entry into Plaintiff's home, threatening phone calls and text messages, stalking Plaintiff and visitors to her home, and "run[ning] the license plates of vehicles parked in [Plaintiff's] driveway and in front of her house, despite [a lack of] reasonable basis for doing the same." Plaintiff alleges that, when Defendant Ronk stalked and harassed her, he was often in his patrol car or wearing his uniform. Plaintiff also claims that the purpose of Defendant Ronk's behavior was to force her to have sexual intercourse with him.

Plaintiff asserts that she advised Sergeant Eugene Morgan of the Defendant Village police department about Defendant Ronk's misconduct. She further alleges that Sergeant Morgan failed to

take any remedial action against Defendant Ronk. Plaintiff further contends that Sergeant Morgan "was a managerial employee" of Defendant Village and "an upper-level official" and that his refusal to discipline Defendant Ronk "evinces a municipal policy."

Furthermore, Plaintiff asserts that Defendant Village knew or should have known about Defendant Ronk's behavior. Plaintiff also alleges that Defendant Village negligently, recklessly and carelessly failed properly to screen individuals it hired as police officers, failed to train and supervise its officers properly, and failed to exercise sufficient control over its police officers.

Pending before the Court is Defendant Village's motion for judgment on the pleadings with respect to Plaintiff's claims against it.

## III. DISCUSSION

### A. Status of Defendant Ronk

Defendant Ronk did not file an answer to the amended complaint within the required time frame. Therefore, Magistrate Judge Peebles ordered Plaintiff to file either a request for a Clerk's Entry of Default or a status report regarding Defendant Ronk. Plaintiff filed a letter request seeking a Clerk's Entry of Default. Magistrate Judge Peebles granted that request, directed the Clerk to prepare and file a Clerk's Entry of Default against Defendant Ronk in his individual capacity, and stated that, once the Clerk's Entry of Default was filed, Plaintiff's counsel could file a motion for default judgment against Defendant Ronk in his individual capacity. Although the Clerk's Entry of Default was filed on December 19, 2013, Plaintiff's counsel has never filed a motion for default judgment. Therefore Defendant Ronk remains a party to this action.

In a letter dated December 23, 2013, Defendant Ronk advised Magistrate Judge Peebles that

he could not afford an attorney regarding this matter and did not know how to answer the summons. In a Text Order dated December 26, 2013, Magistrate Judge Peebles advised Defendant Ronk that he could move to vacate the Clerk's Entry of Default if he desired and that any motion he filed must comply with the Local Rules. Magistrate Judge Peebles also directed the Clerk of the Court to provide Defendant Ronk with a copy of the Local Rules, *pro se* handbook, and lawyer referral guide. In a letter dated December 31, 2013, Defendant Ronk thanked the Court for the information, stated that he was pleading not guilty, and advised the Court that he had been unable to contact the lawyer referral service and legal aid offices, "maybe because of the holidays." That is the last time that Defendant Ronk communicated with the Court.

In light of these facts, the Court advises Plaintiff that, if she intends to pursue her claims against Defendant Ronk in his individual capacity, she must file and serve a motion for entry of a default judgment against Defendant Ronk within **twenty (20) days** of the date of this Memorandum-Decision and Order. If Plaintiff does not do so within this time frame, the Court will dismiss her claims against Defendant Ronk for failure to prosecute.

**B.    Standard of review**

As noted, Defendant Village has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "In deciding Rule 12(c) motions, [the court] employ[s] the same standard applicable to Rule 12(b)(6) motions to dismiss," "'accept[ing] all factual allegations in the [C]omplaint as true and draw[ing] all reasonable inferences in [the nonmoving party's] favor.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015) (quotation omitted). This rule, however, does not apply to legal conclusions. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quotation omitted).

**C.    Plaintiff's § 1983 claims against Defendant Village**

"'Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."'" *Kia P. v. McIntyre*, 235 F.3d 749, 755 (2d Cir. 2000) (quoting *K & A Radiologic Tech. Servs., Inc. v. Commissioner of Dep't of Health*, 189 F.3d 273, 280 (2d Cir. 1999) (quoting *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997))).[1]

"'[T]he core purpose of § 1983 is "to provide compensatory relief to those deprived of their federal rights by state actors."'" *Id.* (quoting *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3dc 789, 795 (2d Cir. 1999) (quoting *Felder v. Casey*, 487 U.S. 131, 141, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988))).  "'Our first inquiry, therefore, is whether the actions alleged by the plaintiffs come within the definition of "under color of" [state] law.'" *Id.* (quoting *Carlos v. Santos*, 123 F.3d 61, 65 (2d Cir. 1997) (quoting 42 U.S.C. § 1983)).

---

[1] Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

In this regard, "'[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting [*Carlos*, 123 F.3d at 65] (quoting *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (other citations and internal quotation marks omitted))). "Mere employment by a state or municipality does not automatically mean that a defendant's actions are taken under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 319-20, 102 S. Ct. 445, 450-51, 70 L. Ed. 2d 509 (1981)). However, "'[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he *abuses* the position given to him by the State.'" *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *West*, 487 U.S. at 49-50, 108 S. Ct. at 2255-56 (emphasis added) (citation omitted)). Nonetheless, "[i]t is 'axiomatic that under "color" of law means "pretense" of law and that acts of officers in the ambit of their personal pursuits are plainly excluded.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994) (citation and internal quotation marks omitted)). The pretense is absent "if the wrongful act is 'not in any way related to the performance of the duties of the state employee.'" *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991) (quoting *Murphy v. Chicago Transit Authority*, 638 F. Supp. 464, 467 (N.D. Ill. 1986) (citing *Johnson v. Hackett*, 284 F. Supp. 933, 937 (E.D. Pa. 1968))).

As the Eleventh Circuit has noted, "[w]hether a government employee is acting under color of law is not always an easy call, and the color of law analysis inevitably requires that we engage in line drawing. . . . It is only through a process of 'sifting facts and weighing circumstances' that we arrive at a correct determination. . . ." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.

2001) (internal citation and quotation omitted). When making this determination, a court should distinguish between cases in which a government employee "used his authority to create the opportunity to assault a victim" and those in which "the performance of a state actor's official duties merely facilitated the meeting of or development of a relationship between the state actor and another person; and the state actor later, on his own time and wholly independent of his official duties, commits an assault or other constitutional tort against that person." *Id.* at 1306 (citations omitted). Thus, for example, a defendant acts under color of state law where he uses his government position to exert influence and physical control over the plaintiffs in order to sexually assault them. *See Dang Vang*, 944 F.2d at 480. To the contrary, "[a]bsent any actual or purported relationship between the officer's conduct and his duties as a police officer, the officer cannot be acting under color of state law." *Roe v. Humke*, 128 F.3d 1213, 1216 (8th Cir. 1997) (citations omitted).

In this case, there is no question that Defendant Ronk's official duties facilitated his harassment of Plaintiff. However, the allegedly wrongful conduct in which Defendant Ronk engaged with respect to Plaintiff cannot be said to be related to the performance of his duties. *See Dang Vang*, 944 F.2d at 479. Therefore, under the totality of the circumstances of this case, the Court concludes as a matter of law that Defendant Ronk was not acting under the color of state law with respect to his interaction with Plaintiff.[2,3]

---

[2] Plaintiff also asserted claims against Defendant Ronk in his official capacity. Such claims are duplicative of her § 1983 claims against Defendant Village. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (ruling that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief" (citation omitted)). Where, as here, a plaintiff has "fail[ed] to adequately allege a basis for municipal liability," the court may

(continued...)

Alternatively, even if Defendant Ronk had been acting under color of state law at the time he engaged in the alleged conduct against Plaintiff, Plaintiff could only hold Defendant Village liable for Defendant Ronk's actions if she were able to establish that Defendant Village created a custom or practice that allowed this type of activity to flourish or that it was deliberately indifferent to the need to train its employees to address this situation.

### *1. Municipal policy*

A municipality is not subject to vicarious liability under § 1983 for the acts of employees whose torts do not arise from a municipal policy. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted). Liability attaches to a municipality for a violation of a person's civil rights only "if the moving force behind that violation was an official policy or custom of the municipality." *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citation omitted); *see also Trombley v. O'Neill*, 929 F. Supp. 2d 81, 94 (N.D.N.Y. 2013) (citations omitted).

The Second Circuit has established a two-prong test for municipal liability for an employee's deprivation of a plaintiff's rights under § 1983:

> The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer. Second, the plaintiff must establish a causal connection – an "affirmative link" – between the policy and the deprivation of his

---

²(...continued)
dismiss the duplicative "claims against the [i]ndividual [d]efendants in their official capacities . . . ." *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 205 n.4 (S.D.N.Y. 2013) (citation omitted).

³ The Court notes that Plaintiff has not alleged any facts that would support the application of the "special relationship" or "state created danger" doctrines.

>     constitutional rights.

*Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (citations omitted). Regarding the first prong of the test, the Second Circuit has identified three circumstances in which the acts of a low-level employee may demonstrate a municipal custom, policy or usage sufficient to justify municipal liability. *See Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012). These include (1) acts "done pursuant to municipal policy," (2) acts "sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware," or (3) "evidence of deliberate indifference of supervisory officials to such abuses." *Id.* (citation and footnote omitted).

The second circumstance, regarding "widespread and persistent" acts, is not satisfied where a plaintiff merely establishes "reprehensible and at times illegal and unconstitutional conduct by individual officers[.]" *Id.* at 82. In addition to these, a plaintiff must establish "a pattern of abusive conduct (or expressions of inclination toward such abusive conduct) among officers, so widespread as to support an inference that it must have been known and tolerated by superiors." *Id.*

As for the third circumstance, the same decision clarifies that the term "supervisory officials" refers to those policy makers who could incur liability under *Monell*. *See id.* at 81 n.6. In *Anthony v. City of New York*, 339 F.3d 129 (2d Cir. 2003), the Second Circuit noted that it had rejected the idea that mere exercise of discretion was a sufficient basis for establish municipal liability. *See id.* at 139 (citing [*Jeffes v. Barnes*, 208 F.3d] at 57 ("It does not suffice for these purposes that the official has been granted discretion in the performance of his duties." (citing *St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988))))).

In this case, Plaintiff's amended complaint fails to state a *Monell* claim because her

allegations, even if true, do not satisfy the first prong of the Second Circuit's test for municipal liability under 42 U.S.C. § 1983. The conduct she alleges in her complaint, reprehensible though it may be, does not establish that Defendant Village has an unconstitutional policy, custom or practice. First, Plaintiff has not alleged any facts that even suggest that Defendant Village had a municipal policy under which Defendant Ronk, or any other officer, could have harassed Plaintiff. Likewise, Plaintiff has not alleged that any other officers engaged in conduct similar to that of Defendant Ronk's. Finally, Plaintiff has not alleged facts that, if true, could establish deliberate indifference of a policy making official.

Therefore, the Court finds that, even if Defendant Ronk were to be considered a state actor, Plaintiff has not alleged facts sufficient to state a claim against Defendant Village based on a municipal policy, custom or practice.

### *2. Failure to train or supervise*

Plaintiff alleges that Defendant Village is responsible for Defendant Ronk's alleged constitutional torts due to its failure to train him properly. With respect to this claim, Plaintiff must allege facts to show that this failure to train amounted to ""deliberate indifference" . . . requiring proof that a municipal actor disregarded a known or obvious consequence"' of the failure to train. *Connick*, 563 U.S. at 61 (quotation omitted). The Second Circuit has established a three-part test for this theory of liability:

> First, the plaintiff must show that a policymaker knows "to a moral certainty" that her employees will confront a given situation. . . . Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of

-10-

> employees mishandling the situation. . . . Finally, the plaintiff must
> show that the wrong choice by the city employee will frequently cause
> the deprivation of a citizen's constitutional rights. . . .

*Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992) (internal citations omitted).

Plaintiff has not alleged that any of Defendant Village's policymakers knew to a "moral certainty" that Defendant Ronk or any other officer would attempt to force himself sexually on women. Nor has Plaintiff alleged that Defendant Ronk's alleged choice, whether to abuse his power as a law enforcement officer to harass women sexually, was a difficult one that would be made easier by training. Finally, Plaintiff has not alleged that any of Defendant Village's employees, other than Defendant Ronk, frequently engaged in any of the misconduct alleged in Plaintiff's amended complaint.

For all these reasons, the Court finds that, even if it were to consider Defendant Ronk to be a state actor, Plaintiff's claim against Defendant Village for failure to train is insufficient as a matter of law.

**D.     Plaintiff's state-law claim**

In her fifth cause of action, Plaintiff alleges a claim based on negligence, gross negligence and *respondeat superior* liability against Defendant Village. *See* Dkt. No. 1-2 at ¶¶ 75-82.[4] A district court exercises supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367. That statute provides, in pertinent part, that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

---

[4] Although Plaintiff asserts her fifth cause of action against both Defendants, she directs the allegations contained in that cause of action against Defendant Village only.

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over such a claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). "The 'decision whether to exercise [supplemental] jurisdiction . . . is purely discretionary.'" *Williams v. Rosenblatt Secs. Inc.*, No. 14 Civ. 4390, — F. Supp. 3d —, 2015 WL 5834982, *15 (S.D.N.Y. Oct. 7, 2015) (quotation and other citation omitted).

In this case, the Court has dismissed Plaintiff's federal claims against Defendant Village. Furthermore, based on the fact that the Court has concluded that Defendant Ronk was not acting under color of state law, but rather as a private citizen, when he engaged in the alleged conduct against Plaintiff, the Court determines that there is no just reason for delay in entering a final judgment as to Defendant Village pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Thus, it would not serve the interests of judicial economy for the Court to exercise discretionary jurisdiction over Plaintiff's state-law claim as set forth in her fifth cause of action against Defendant Village and dismisses this cause of action against Defendant Village without prejudice pursuant to 28 U.S.C. § 1367(c).[5]

## IV. CONCLUSION

After reviewing the entire record in this matter, the parties' submissions, and the applicable

---

[5] The Court notes that, pursuant to 28 U.S.C. § 1367(d), "[t]he period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Village's motion for judgment on the pleadings, *see* Dkt. No. 20, as to Plaintiff's 42 U.S.C. § 1983 claims against it is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's state-law claim; i.e., her fifth cause of action, against Defendant Village is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367; and the Court further

**ORDERS** that, finding no just reason for delay, the Clerk of the Court shall enter judgment in favor of Defendant Village and against Plaintiff pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Ronk in his official capacity are **DISMISSED**; and the Court further

**ORDERS** that, if Plaintiff wishes to pursue her claims against Defendant Ronk in his individual capacity, she shall file and serve a motion for entry of a default judgment within **twenty (20) days** of the date of this Memorandum-Decision and Order. If Plaintiff fails to file and serve such a motion within the twenty-day time frame set forth herein, the Court will dismiss her claims against Defendant Ronk in his individual capacity for failure to prosecute.

**IT IS SO ORDERED.**

Dated: February 29, 2016
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge